UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

Conor Pacific International Ltd, a
Cayman Islands Corporation,

    Plaintiff,

v.

National Save The Sea Turtle Foundation, Inc.,
a Florida Not for Profit Corporation

    Defendant.
_____/

**COMPLAINT**

Plaintiff, CONOR PACIFIC INTERNATIONAL LTD, (hereinafter "Plaintiff or RMKMS"), by and through undersigned counsel, hereby submits this Complaint against defendant, NATIONAL SAVE THE SEA TURTLE FOUNDATION, INC., a Florida Not for Profit Corporation, and in support Plaintiff avers the following:

**JURISDICTION AND VENUE**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. §1332(a)(2), as this is a civil action where the matter in controversy exceeds $75,000.00, exclusive of interests and cost, and is between a citizen of a state and foreign state. Specifically, Plaintiff is a citizen of a foreign state, the United Kingdom, as the Cayman Islands are a British territory, and Defendant is a citizen of Florida.

3. This Court has personal jurisdiction over the National Save the Sea Turtle Foundation as Defendant is a Florida Not for Profit Corporation.

4. Venue is proper in the Southern District as a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction.

5. Further, Venue is proper in the Southern district pursuant to Paragraph 16 of the Purchase and Sale Agreement at issue, which provides, "venue and jurisdiction for said action shall be within the County of Broward and the State of Florida, respectively." *See Avalon Purchase and Sale Agreement* attached as **Exhibit 1.**

## THE PARTIES

6. Plaintiff, CONOR PACIFIC INTERNATIONAL LTD, is a Cayman Island Corporation with a principal place of business at 91 Seymour Drive Georgetown Grand Cayman, Cayman Islands (hereinafter, "Plaintiff" or "CPIL").

7. Defendant, National Save The Sea Turtle Foundation, Inc., is a Florida Not for Profit Corporation (hereinafter, "Defendant" or "NSSTF"), with a principal place of business at 4419 West Tradewinds Avenue, 2nd Floor, Fort Lauderdale, FL 33308.

## RELEVANT FACTS

8. In 2014, Mr. Robert Nowack (hereinafter, "Mr. Nowack") was contacted by Mr. Wayne Kurian, (hereinafter "Mr. Kurian") regarding a vessel Mr. Kurian believed Mr. Nowack may be interested in purchasing.

9. At all relevant times Mr. Nowack was an officer, director, and shareholder of Conor Pacific International Ltd.

10. The proposed vessel was a 1986 Southern Pacific sailing Vessel known as S/V AVALON, USCG 921594 (hereinafter, the "Avalon").

11. On or about the same time, Mr. Kurian expressed interest in a vessel owned by an entity affiliated with Plaintiff. The vessel was a 1986 Jongert long range motor yacht known at the time as IMPOSSIBLE DREAM (hereinafter, "Impossible Dream" or the "Jongert").

12. On or about February 10, 2015, WSK Investments Inc., of which Mr. Kurian was principal, entered into a purchase and sale agreement with Conor Pacific Canada Inc. whereby WSK Investments Inc. agreed to purchase the Jongert. *See Jongert Purchase and Sale Agreement* attached as **Exhibit 2**.

13. On or about March 5, 2015, Plaintiff entered into a separate Purchase and Sale Agreement ("PSA") with Defendant whereby Plaintiff agreed to the purchase S/V Avalon for $1,050,000.00 USD. *See* **Exhibit 1**.

14. Mr. Kurian executed the PSA on behalf of the NSSTF. *See id.*

15. On or about March 9, 2015, and in accordance with the PSA, payment was made in full by Conor Pacific Canada, Inc. on behalf of CPIL, to the escrow account of Stroup and Martin, NSSTF's counsel for the Avalon transaction. *See Proof of Payment* attached as **Exhibit 3.**

16. On or about March 10, 2015, and in accordance with the PSA, a Canada Ships registry form Bill of Sale for Avalon was delivered and executed by Frank Wojcik on behalf of NSSTF. The Bill of Sale was not recorded. *See Executed Bill of Sale* attached as **Exhibit 4**.

17. On or about March 15, 2015, the Jongert was sold by Conor Pacific Canada Inc. to WSK Investments Inc. *See Jongert Abstract of Title* attached as **Exhibit 5**.

18. On or about October 16, 2015, Plaintiff received estimates for the rigging replacement. These estimates were provided to Mr. Kurian and approved.

19. The rigging replacement was completed and invoices totaling $142,946.00 USD were sent to NSSTF.

20. Invoices for the rigging replacement exceeded the original estimate after yard costs were included.

21. Plaintiff paid the yard costs.

22. Despite providing the rod rigging invoices to NSSTF for payment, Mr. Nowack received a copy of a demand for payment in June 2016.

23. NSSTF's failure to pay the rigging invoices resulted in a maritime lien on Avalon and forced Plaintiff to hire counsel to address the maritime lien issue.

24. On or about April 11, 2016, and unbeknownst to Plaintiff, NSSTF recorded a preferred mortgage for $70,000.00 USD in favor of WSK Investments Inc. *See Avalon Abstract of Title* attached as **Exhibit 6**.

25. On or about November 27, 2020, and unbeknownst to Plaintiff, NSSTF recorded a preferred mortgage for $130,000.00 USD in favor of WSK Investments Inc. *See id.*

26. At no time did Defendant or WSK Investments Inc. ever provide notice of the preferred mortgages to Plaintiff.

27. On or about October 8, 2021, CPIL listed Avalon with Worth Avenue Yachts LLC, at which time Worth Avenue Yachts LLC conducted a title search and advised Plaintiff of the preferred mortgages.

28. Plaintiff immediately demanded the mortgages be removed. However, Mr. Kurian, on behalf of WSK Investments Inc. and NSSTF, refused.

29. On or about January 23, 2023, WSK Investments Inc. assigned its preferred mortgages in the amount of $200,000.00 USD to Fairfax Capital Management Inc. without notice to Plaintiff. *See id.*

30. Neither the PSA nor the Purchase and Sale Agreement for the Jongert contemplate the ability of Defendant to mortgage Avalon in any way.

### Count I Breach of Contract- Purchase and Sale Agreement

31. Plaintiff re-alleges the facts in paragraphs 1 through 30 of the Complaint as is fully set forth herein.

32. Pursuant to Paragraph 5(d) of the PSA,

> Seller agrees to repair the [illegible] mast and replace the rod rigging as needed on the main masts. Funding for this work is to come from the proceeds of the sale of M/V Impossible Dream and Seller agrees to grant Buyer a security interest on the MV Impossible Dream to be discharged upon payment of the repairs which are currently estimated to be $147,000.00 US[D]. **Exhibit 1.**

33. Pursuant to Paragraph 8 of the PSA,

> In the event the closing is not consummated due to the non-performance of Seller [NSSTF] regarding any of the covenants in this contract, all monies paid or deposited pursuant to this contract by the Buyer [CPIL] shall be returned to the Buyer upon demand… or the Buyer shall have the right to specific performance. **Exhibit 1.**

34. Pursuant to Paragraph 9 of the PSA,

> The said Vessel is being purchased free and clear of all debts, claims, liens and encumbrances of any kind whatsoever, except as noted hereinafter, and the Seller warrants and will defend that he has good and marketable title thereto and will deliver to the Broker all necessary documents for transfer of title to the Buyer on or before the closing date, which is agreed to be March 10, 2015. **Exhibit 1.**

35. Pursuant to Paragraph 15 of the PSA, "This document constitutes the entire Agreement between the parties hereto…". **Exhibit 1.**

36. Defendant materially breached the contract by failing pay the cost to replace the rod rigging on the main mast as agreed.

37. Defendant materially breached the contract by wrongfully recording two liens against S/V Avalon and failing to convey title free and clear as agreed.

38. Therefore, the closing has not been consummated in accordance with the PSA. *See* **Exhibit 1**.

39. Under the PSA, Plaintiff is owed monies paid or the right to specific performance as described above. *See* **Exhibit 1**.

40. Plaintiff has suffered damages in the amount of attorney's fees and costs to defend Avalon against the maritime liens created by Defendant's failure to pay the rigging invoices.

41. Plaintiff has suffered damages in the amount paid to maintain and improve the Vessel while it is unable to be sold.

42. Plaintiff has been further damaged as Plaintiff is currently unable to sell Avalon to a ready and willing buyer due to the clouded title created by Defendant.

43. All conditions precedent to the contract have been met or waived.

WHEREFORE, Plaintiff, Conor Pacific International Ltd., prays for the Court to enter a final judgment against the Defendant, National Save The Sea Turtle Foundation, Inc., and requests the Court enter an order instructing the Defendant to convey clear title to Avalon and award Plaintiff damages, prejudgment interest, court costs, consequential damages, and such further relief at the Court may deem proper.

## Count II Slander of Title

44. Plaintiff re-alleges the facts in paragraphs 1 through 43 of the Complaint as is fully set forth herein.

45. Defendants wrongfully registered invalid preferred mortgages against Avalon, which were communicated to a third party when a title search was executed by Worth Avenue Yachts LLC, prospective buyers, and their representatives.

46. The preferred mortgages are unfounded, false, and lack legal justification to the extent they may or may not have any relation to the cost of replacing Avalon's rigging as Defendant agreed to pay for those costs. *See* **Exhibit 1**.

47. The preferred mortgages are unfounded, false, without consideration, and lack legal justification in that they were created and recorded in breach of the PSA.

48. Plaintiff has suffered actual damages as Avalon's salability has been directly affected by Defendant's wrongfully recorded mortgages and subsequent assignment.

49. Defendant knew or reasonably should have known that recording the mortgages would likely result in inducing others, such as prospective buyers, to not deal with Plaintiff.

50. The Defendant has acted with malice in that there is a lack of legal justification for the preferred mortgages, the disparagement is false, and the Defendants actions are not privileged as the Defendant did not act in good faith.

51. Despite having a ready, willing, and able buyer, Plaintiff is unable to sell the Vessel due to the above circumstances, thus causing actual damages to Plaintiff.

WHEREFORE, Plaintiff, Conor Pacific International Ltd., prays for the Court to enter a final judgment against the Defendant, National Save The Sea Turtle Foundation, Inc., and requests the Court enter an order instructing the Defendant to convey clear title to Avalon and award Plaintiff damages, consequential damages, putative damages, attorney's fees (including paralegal fees), court costs, including, without limitation, all such fees, costs, and expenses incident to appeals, and such further relief at the Court may deem proper.

Dated: July 26, 2023

Respectfully submitted,

**MOORE & COMPANY, P.A.**
Counsel for Plaintiff
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
michael@moore-and-co.com
mbode@moore-and-co.com

s/Madison Bode
Michael T. Moore, Esq.
Florida Bar No. 207845
Madison Bode, Esq.
Florida Bar No. 1026548